UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE JANICE WILSON STEVENSON,<br><br>Debtor.<br>_____<br><br>JANICE WILSON STEVENSON,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>EDUCATION CREDIT MANAGEMENT CORP.,<br><br>Defendant-Appellee. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br><br><br><br><br><br><br>Bankruptcy Appeal<br>Civil Action No. 11-11597-JLT |

MEMORANDUM AND ORDER

July 24, 2012

TAURO, J.

Pro se appellant Janice Wilson Stevenson appeals from the entry of an order by the United States Bankruptcy Court for the District of Massachusetts finding that her student loI an debt owed is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8). The Bankruptcy Court conducted an exhaustive analysis of the circumstances under which student loan debt may be discharged, and ultimately determined that Appellant Stevenson's debt was non-dischargeable because she did not demonstrate that the failure to discharge her debt "would impose an undue hardship . . . ."[1]

---

[1] 11 U.S.C. § 523(a)(8).

1

Stevenson has raised the following three[2] issues for appeal: 1) Whether the Bankruptcy Court erred in its determination that Stevenson failed to prove an undue hardship; 2) whether the Bankruptcy Court abused its discretion by excluding Fair Debt Collection Practices Act evidence; and 3) an issue of "prevention and detection of retaliation, racial stigma/stratification, violation of civil rights, judicial usurpation of legislative and executive power, and the First Amendment."[3] The court will address each issue in turn.

First, after careful review of the record, and for the reasons stated by the Bankruptcy Court, this court AFFIRMS the Bankruptcy Court's determination that Appellant failed to prove an undue hardship.

Second, the District Court reviews the Bankruptcy Court's exclusion of evidence for abuse of discretion. Here, after the close of discovery, Stevenson raised alleged post-petition FDCPA violations by Appellee for the first time.[4] Appellee Education Credit Management Corporation filed a motion with the Bankruptcy Court to exclude evidence of a violation of the FDCPA,[5] which the Bankruptcy Court allowed.[6] The Bankruptcy Court did not abuse its discretion by excluding such evidence. The Bankruptcy Court lacked jurisdiction to hear claims

---

[2] In Appellant's Brief, Appellant lists four separate issues in her "Statement of the Issues." Two of these issues focus on whether the Bankruptcy Court failed to properly apply the law. Read in the context of the rest of Appellant's Brief, these two issues seem to be asking whether the Bankruptcy Court abused its discretion by failing to consider evidence of a violation of the Fair Debt Collection Practices Act. The court analyzes them as one issue on appeal.

[3] Appellant's Br. at 6 [#13].

[4] Appellee's Designation of Additional Docs. for the R. on Appeal [#5], attach. 2, pp. 4-5.

[5] Appellee's Designation of Additional Docs. for the R. on Appeal, attach. 2, pp. 1-3.

[6] Appellee's Designation of Additional Docs. for the R. on Appeal, attach. 5.

of FDCPA violations that occurred after Stevenson filed her petition because such an FDCPA claim is not related to Stevenson's student loan debt discharge petition.[7]

Lastly, there is no evidence on the record that Appellant raised her retaliation and racial stigma argument before the Bankruptcy Court. It is settled law "that, 'absent the most extraordinary circumstances, legal theories not raised squarely in the lower court cannot be broached for the first time on appeal.'"[8] Such extraordinary circumstances do not exist here. Stevenson has offered no evidence of retaliation or racial stigma against her at any point in the Bankruptcy proceedings. Because Stevenson did not raise a retaliation or racial stigma argument below, she may not do so for the first time before this court.

The order by the United States Bankruptcy Court for the District of Massachusetts is AFFIRMED. Consequently, Appellee's Motion to Dismiss [#10] and Appellee's Motion to Strike the Appellant's Appendix [#14] are DENIED AS MOOT. Because Stevenson appealed the Bankruptcy Court's ruling and this court affirms that ruling, Stevenson has fourteen days from the date of this order to inform the Bankruptcy Court, in writing, whether she will participate in

---

[7] See Goldstein v. Marine Midland Bank, N.A. (In re Goldstein), 201 B.R. 1, 5 (Bankr. D. Me. 1996); cf. Wilkinson v. EMC Mortg. (In re Wilkinson), Bankr. No. 07-50189, Adversary No. 11-05056, 2012 WL 112945, at *11 (Bankr. W.D. Tex. Jan. 12, 2012) ("Because the Wilkinsons' unreasonable collection efforts and FDCPA claims arose post-petition . . . this court lacks subject matter jurisdiction to address these claims."); Frambes v. Nuvell Nat'l Auto Fin., LLC (in re Frambes), 454 B.R. 437, 438 (Bankr. E.D. Ky. 2011) ("The factual allegations which give rise to the Debtors' claims for violations of the FDCPA . . . have all occurred post-petition and are not property of the Debtor's estate. Whatever their outcome, the Debtor's estate will be unaffected. Thus, the Court lacks "related to" jurisdiction over these claims.").

[8] Banco Bilbao Vizcaya Argentaria v. Wiscovitch-Rentas (in re E. Net-Velazquez), 625 F.3d 34, 40 (1st Cir. 2010) (quoting Teamsterse, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 21 (1st Cir. 1992); see also Noonan v. Rauh (In re Rauh), 119 F.3d. 46, 51 (1st Cir. 1997) ("A party may not raise new arguments for the first time on appeal.").

the United States Department of Education William D. Ford Direct Loan Repayment Program. If Stevenson does so, and represents that she will, in good faith, abide by the provisions of the Income Based Repayment Plan Option, then the Bankruptcy Court has the authority to amend its original order and enter a judgment partially discharging her student loan debt to the extent any remains at the expiration of the repayment plan under the Ford Program.

IT IS SO ORDERED.

                                                                            /s/ Joseph L. Tauro
                                                                   United States District Judge